IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TLI COMMUNICATIONS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 13-1924 (GMS) |
| | ) |
| GOOGLE INC., | ) |
| Defendant. | ) |

# DEFENDANT GOOGLE INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | Jack B. Blumenfeld (#1014) |
|  | Regina Murphy (#5648) |
|  | 1201 North Market Street |
|  | P.O. Box 1347 |
|  | Wilmington, DE  19899 |
|  | (302) 658-9200 |
| OF COUNSEL: | jblumenfeld@mnat.com |
| Kevin Hardy | rmurphy@mnat.com |
| Samuel Bryant Davidoff |  |
| Andrew V. Trask | *Attorneys for Defendant* |
| Bryant Hall |  |
| WILLIAMS & CONNOLLY LLP |  |
| 725 Twelfth Street, N.W. |  |
| Washington, DC  20005 |  |
| (202) 434-5000 |  |

January 17, 2014

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................i

NATURE AND STAGE OF PROCEEDINGS AND SUMMARY OF ARGUMENT ..................1

STATEMENT OF FACTS ................................................................................................................2

ARGUMENT ......................................................................................................................................3

I.    TLI's Conclusory Indirect Infringement Claims Should Be Dismissed. .............................4

    A.    For Induced Infringement, TLI Does Not Plead Knowing Inducement or Specific Intent. ........................................................................................................4

    B.    For Contributory Infringement, TLI Does Not Plead Knowledge of Infringement or No Substantial Non-Infringing Use. .............................................6

II.    Two of TLI's Direct Infringement Claims Are Legally Deficient and Should Be Dismissed. ............................................................................................................................7

    A.    The Court Should Dismiss TLI's Claim of Direct Infringement by "Use" of the Claimed Systems. ..................................................................................................8

    B.    The Court Should Dismiss TLI's Joint Infringement Claim for Others' "Use" of the Claimed Methods and Systems. .........................................................9

III.    TLI's Claim of Willful Infringement Should Be Dismissed. ............................................11

CONCLUSION ................................................................................................................................12

# **TABLE OF AUTHORITIES**

## **FEDERAL CASES**

*Aeritas, LLC v. Alaska Air Grp., Inc.*,
  893 F. Supp. 2d 680 (D. Del. 2012) ...................................................................................... 12

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
  692 F.3d 1301 (Fed. Cir. 2012) (en banc), cert. granted, 81 U.S.L.W. 3395
  (U.S. Jan. 10, 2014) (No. 12-786, 2014 WL 112700) ......................................................... 1, 4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................... 3, 4, 6, 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................ 4

*Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*,
  No. 1:12-cv-1111-GMS, 2013 WL 6058472 (D. Del. Nov. 18, 2013) ........................... passim

*Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*,
  631 F.3d 1279 (Fed. Cir. 2011) ................................................................................ 8, 9, 10, 11

*DSU Med. Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006) ............................................................................................... 5

*Execware, LLC v. Staples, Inc.*,
  No. 11-836-LPS-SRF, 2012 WL 6138340 (D. Del. Dec. 10, 2012) ..................................... 12

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009) .................................................................................................... 3

*Gevo, Inc. v. Butamax Advanced Biofuels LLC*,
  No. 12-1724-SLR, 2013 WL 3381258 (D. Del. July 8, 2013) ..................................... 5, 10, 11

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  131 S. Ct. 2060 (2011) ......................................................................................................... 4, 6

*In re Seagate Tech., LLC*,
  497 F.3d 1360 (Fed. Cir. 2007) (en banc) ............................................................................. 11

*Lyda v. Fremantle Media N.A., Inc.*,
  No. 10-cv-4773 (DAB), 2012 WL 957498 (S.D.N.Y. Mar. 8, 2012) ...................................... 8

*Move, Inc. v. Real Estate Alliance Ltd.*,
  709 F.3d 1117 (Fed. Cir. 2013) ............................................................................................. 10

*Muniauction, Inc. v. Thomson Corp.*,
    532 F.3d 1318 (Fed. Cir. 2008)..................................................................................................10

*Netgear Inc. v. Ruckus Wireless Inc.*,
    No. 10-999-SLR, 2013 WL 1124036 (D. Del. Mar. 14, 2013) .........................................11, 12

*Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*,
    203 F.3d 790 (Fed. Cir. 2000)....................................................................................................3

*R+L Carriers, Inc. v. DriverTech LLC (In re Bill of Lading Transmission &
    Processing Sys. Patent Litig.)*,
    681 F.3d 1323 (Fed. Cir. 2012).....................................................................................4, 5, 6, 7

*Stephenson v. Game Show Network, LLC*,
    933 F. Supp. 2d 674 (D. Del. 2013).......................................................................................4, 7

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009)...................................................................................................5

## OTHER AUTHORITIES

35 U.S.C. § 271(a) ..........................................................................................................................1, 9

35 U.S.C. § 271(b) ..........................................................................................................................1, 4

35 U.S.C. § 271(c) ...............................................................................................................................6

Fed. R. Civ. P. 12(b)(6)..............................................................................................................1, 3, 10

## NATURE AND STAGE OF PROCEEDINGS AND SUMMARY OF ARGUMENT

In sixteen nearly identical complaints, TLI Communications LLC ("TLI") accuses numerous defendants, including Google Inc. ("Google"), under a variety of patent infringement theories. Virtually all of TLI's claims are deficient and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

*First*, TLI fails to allege facts sufficient to support its claims of induced and contributory infringement. TLI's bare allegations do not establish knowledge of infringement or specific intent to infringe, both of which are necessary elements of induced infringement.[2] Further, TLI fails to allege facts sufficient to establish knowledge of infringement or lack of any substantial noninfringing use for each accused product, necessary elements of contributory infringement.

*Second*, TLI fails to allege facts sufficient to support its claim of direct infringement based on the actions of Google's users. TLI's claim that Google "uses" the claimed system by offering software to Google's users is legally deficient under controlling Federal Circuit precedent. And TLI's claim that Google jointly infringes with its users lacks the necessary allegations that would support Google's vicarious liability for the acts of those users.

---

[1]   In order to avoid burdening the Court, all of the defendants sued by TLI in the sixteen simultaneously filed cases have coordinated to present their collective arguments via this one motion. This motion addresses the Complaint filed against Google, but the other defendants all join it with respect to the complaints filed against them (which are substantially identical). Motions to join are concurrently filed in Civil Action Nos. 13-1921-GMS through 13-1923-GMS and in 13-1925-GMS through 13-1936-GMS.

[2]   It may be in the interests of judicial economy for the Court to decide this motion after the Supreme Court's decision later this Term in *Limelight Networks, Inc. v. Akamai Technologies, Inc.* The breadth of the question presented in *Akamai* indicates that the Supreme Court's decision in that case could ultimately affect the underlying standard for induced infringement. *See* Petition for Writ of Certiorari at i, No. 12-786 ("Whether the Federal Circuit erred in holding that a defendant may be held liable for inducing patent infringement under 35 U.S.C. § 271(b) even though no one has committed direct infringement under § 271(a).").

*Finally*, TLI fails to allege the proper factual predicate for a claim of willful infringement. TLI merely alleges that Google's infringement "will be" willful. A claim for willful infringement, however, must be grounded exclusively in conduct that *pre-dates* the filing of the complaint. Moreover, TLI alleges no facts that show "objective recklessness," a necessary element of willful infringement.[3]

## STATEMENT OF FACTS

Plaintiff TLI purports to own United States Patent No. 6,038,295 ("the '295 patent") by assignment. *See* Case No. 1:13-cv-01924-GMS, Compl. ¶ 7 (D.I. 1). On November 18, 2013, TLI filed a complaint alleging that Google infringes the '295 patent directly, indirectly, and jointly, and further alleging that such infringement will be willful. The Complaint accuses four of Google's products of infringement—Google+, Picasa, Google Drive, and YouTube. On the same day, TLI filed fifteen nearly identical complaints in related actions alleging infringement of the same patent by numerous other defendants.

The '295 patent contains three independent claims, two of which are asserted in the Complaint along with their 22 dependent claims. *Id.* ¶¶ 18–22. The asserted claims are both method claims (independent claim 17 and dependent claims 18 through 24) and system claims (independent claim 1 and dependent claims 2 through 16).

The purported invention of the '295 patent encompasses at least three distinct components, namely: (1) a "telephone unit" capable of taking digital images, (2) a "transmission system" for transmitting the images and classification information from the telephone unit to a

---

[3] If Google prevails on its motion to dismiss, this case (and the fifteen other cases TLI simultaneously filed) would be substantially narrowed. The Court would dismiss all TLI's claims of indirect infringement, TLI's claims of direct infringement relating to Google's users, and all TLI's claims of willful infringement. The case would then proceed only on TLI's claims of direct infringement based on Google's own alleged actions.

remote server, and (3) a "server" for receiving and storing the images by taking into consideration the classification information. The asserted system claims of the patent purport to cover these components (and various subcomponents). *See* '295 patent, claims 1–16. The purported invention also includes methods of operating these components consisting of at least six discrete steps, namely: (1) "recording" images using the phone, (2) "storing" the images on the phone, (3) "transmitting" the images and classification information to a server, (4) "receiving" the images and information on a server, (5) "extracting" the classification information, and (6) "storing" the images on the server by taking into consideration the classification information. The asserted method claims of the patent purport to cover these steps. *See id.* claims 17–24.

## ARGUMENT

A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's factual allegations. When presented with a motion to dismiss for failure to state a claim, courts perform a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009); *cf. Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 793 (Fed. Cir. 2000) (applying regional circuit law to a motion to dismiss). First, a court accepts all of the complaint's well-pleaded facts as true, but is not required to accept unwarranted factual inferences and may disregard any legal conclusions. *Fowler*, 578 F.3d at 210–11; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation"); *Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*, No. 1:12-cv-1111-GMS, 2013 WL 6058472, at *1 n.4 (D. Del. Nov. 18, 2013). Second, a court determines whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S.

at 679); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also Stephenson v. Game Show Network, LLC*, 933 F. Supp. 2d 674, 677 (D. Del. 2013). A claim is only plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *Bonutti*, 2013 WL 6058472, at *1 n.4. By contrast, "'[a] complaint that merely pleads facts that are *consistent* with a defendant's liability 'stops short of the line between possibility and plausibility . . . .'" *R+L Carriers, Inc. v. DriverTech LLC (In re Bill of Lading Transmission & Processing Sys. Patent Litig.)*, 681 F.3d 1323, 1332 (Fed. Cir. 2012) (quoting *Twombly*, 550 U.S. at 546) (emphasis added).

I.  **TLI's Conclusory Indirect Infringement Claims Should Be Dismissed.**

TLI accuses Google of indirectly infringing the '295 patent. Compl. ¶¶ 20–22. Under 35 U.S.C. § 271(b) or (c), a party may be liable for indirect infringement either by inducing another to infringe a patent or by contributing to such infringement. *See generally Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2067–68 (2011); *see also Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1307–08 (Fed. Cir. 2012) (en banc), *cert. granted*, 81 U.S.L.W. 3395 (U.S. Jan. 10, 2014) (No. 12-786, 2014 WL 112700). TLI, however, does not plead the required elements of either form of indirect infringement.

A.  **For Induced Infringement, TLI Does Not Plead Knowing Inducement or Specific Intent.**

A claim of induced infringement under section 271(b) requires a plausible allegation that "the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Bonutti*, 2013 WL 6058472,

4

at *1 n.5 (quoting *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009)). "Inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *Gevo, Inc. v. Butamax Advanced Biofuels LLC*, No. 12-1724-SLR, 2013 WL 3381258, at *4 (D. Del. July 8, 2013) (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc in relevant part)).

The Complaint does not adequately plead either knowledge of infringement or a specific intent to infringe. The only facts the Complaint alleges are that Google knows of the '295 patent and that Google knows of others' use of the accused products as of the date of the Complaint. Compl. ¶¶ 21, 22.[4] Those allegations standing alone do not give rise to a claim of induced infringement. *See Bonutti*, 2013 WL 6058472, at *1 n.5. As this Court has explained, "the complaint must contain facts plausibly showing that the indirect infringer specifically intended the direct infringers to infringe the patent and knew that the direct infringer's acts constituted infringement." *Id.* (citing *Bill of Lading*, 681 F.3d at 1323). TLI's Complaint contains no such facts. It contains no allegations that Google had any knowledge of others' infringement of the

---

[4] Paragraphs 21 and 22 of the Complaint read in full:

21. Upon information and belief, upon knowledge of the '295 Patent (at least since the filing date of this Complaint), Google is inducing infringement of the '295 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, agents and affiliates to make, use, sell and/or offer for sale Google Infringing Products in a manner that constitutes infringement of one or more claims of the '295 Patent.

22. To the extent that Google's customers can be considered to put the Infringing Products into use, then Google would also be inducing infringement of the '295 Patent by, among other things, knowingly and with intent (at least since the filing date of this Complaint), actively encouraging its customers to make and use Google's products in a manner that constitutes infringement of one or more claims of the '295 Patent.

5

'295 patent, let alone any specific intent that such infringement occur. Nor does the Complaint allege a single fact that could give rise to any inference—let alone a plausible inference—that Google possessed such knowledge or intent. Indeed, at bottom, the Complaint alleges nothing more than that Google knows of the patent and knows of its own products, without any connection between the two. Such threadbare assertions are insufficient to support a plausible claim that Google knowingly induced infringement and possessed the specific intent to encourage others' infringement of the '295 patent. *See Iqbal*, 556 U.S. at 678. TLI's induced infringement claim should be dismissed.

> **B.    For Contributory Infringement, TLI Does Not Plead Knowledge of Infringement or No Substantial Non-Infringing Use.**

Like inducement, a claim of contributory infringement under 35 U.S.C. § 271(c) requires a plausible assertion of knowledge that others directly infringe the patent. *Bonutti*, 2013 WL 6058472, at *1 n.5; *see Global-Tech*, 131 S. Ct. at 2068. In addition, to state a claim for contributory infringement a complaint must plead facts that allow an inference that the accused products have no substantial non-infringing use. *See Bill of Lading*, 681 F.3d at 1337.

With respect to the first element—knowledge that others infringe—the Complaint merely repeats the same allegations from TLI's inducement claim, Compl. ¶ 20, and therefore fails for the same reason TLI's inducement claim fails.[5] *See Bonutti*, 2013 WL 6058472, at *1 n.5; *see*

---

5    Paragraph 20 of the Complaint reads in full:

20. Upon information and belief, upon knowledge of the '295 Patent (at least since the filing date of this Complaint), Google is contributing to the infringement of the '295 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, agents and affiliates to make, use, sell and/or offer for sale the Google Infringing Products in a manner that constitutes infringement of one or more claims of the '295 Patent. There are no substantial uses of the Infringing Products that do not infringe one or more claims of the '295 Patent. Google mobile telephone applications that Google provides to its customers, for example, have no substantial non-infringing use.

*also Stephenson*, 933 F. Supp. 2d at 681 (dismissing a contributory infringement claim where the complaint did not offer any argument or facts directed to show that defendants knew that the combination for which their component was especially designed was both patented and infringing).

The Complaint also fails to state a claim for contributory infringement for the additional reason that it does not allege facts adequate to support an inference that there are no substantial noninfringing uses of the accused products. On this subject, the Complaint merely parrots the applicable legal standard, stating in conclusory fashion that "Google mobile telephone applications that Google provides to its customers, for example, have no substantial non-infringing use." Compl. ¶ 20. This perfunctory assertion is made with no supporting factual allegations. Indeed, the only *facts* the Complaint alleges about Google's purportedly infringing products are that they include mobile applications that "allow telephone users to easily characterize and upload digital images to Google servers." *Id.* ¶ 15. But the allegation that Google's products "allow" for infringement is a far cry from an allegation that those products can *only* be used for infringing purposes. As the Federal Circuit has noted, the fact that a product may infringe a patent is an entirely separate question from whether it *also* has a substantial non-infringing use. *See Bill of Lading*, 681 F.3d at 1338 ("For purposes of contributory infringement, the inquiry focuses on whether the accused products can be used for purposes *other than* infringement."). On that question, the Complaint is bereft of any factual allegations. TLI's claim of contributory infringement should be dismissed.

**II.  Two of TLI's Direct Infringement Claims Are Legally Deficient and Should Be Dismissed.**

TLI's Complaint offers a host of disparate theories of why Google should be liable for direct infringement. Compl. ¶¶ 18–19. Most are attempts by TLI to sidestep the fact that the

7

method claims of the '295 patent transparently require the acts of multiple entities, and the system claims cover three entirely distinct components. Although none of TLI's theories will survive scrutiny on the merits, two cannot survive even a motion to dismiss: (1) infringement by putting the claimed systems into use through providing users with software, and (2) joint infringement through users' practice of the claimed systems and methods. Those inadequately pleaded theories of direct infringement should be dismissed for failure to state a claim.

### A. The Court Should Dismiss TLI's Claim of Direct Infringement by "Use" of the Claimed Systems.

TLI alleges that Google directly infringes the '295 patent by "providing downloadable applications to mobile telephone users and thus putting the Infringing Products into use." Compl. ¶ 19. TLI thus appears to be trying to claim that providing software to camera-phone users that may (or may not) be used by those end-users to record, store, and transmit images is "use" *by Google* of those elements of the claimed systems. This theory of infringement has been squarely rejected by the Federal Circuit.

The Federal Circuit has held that "to 'use' a system for purposes of infringement, a party must put the invention into service, *i.e.*, control the system as a whole and obtain benefit from it." *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1284 (Fed. Cir. 2011); *see also, e.g.*, *Lyda v. Fremantle Media N.A., Inc.*, No. 10-cv-4773 (DAB), 2012 WL 957498, at *2 (S.D.N.Y. Mar. 8, 2012). The *Centillion* case directly addresses the type of "use" of a claimed system that TLI tries to allege here. In *Centillion*, Qwest's allegedly infringing system included two parts: (1) Qwest's back office systems, and (2) front-end data processing applications provided by Qwest for its customers to install on their personal computers. 631 F.3d at 1281. The Federal Circuit "agree[d] with Qwest that, as a matter of law, it does not 'use' the patented invention." *Id.* at 1286. The Court explained that "[w]hile Qwest may make the

8

back-end processing elements, it never 'uses' the entire claimed system because it never puts into service the personal computer data processing means." *Id.* The Federal Circuit thus held that merely "[s]upplying the software for the customer to use is not the same as using the system." *Id.*

Under *Centillion*, therefore, TLI's allegation that Google "uses" the claimed systems in part "by providing downloadable applications to mobile telephone users" is legally inadequate to state a claim for use of the claimed systems. Google's provision of software to its users is not materially different than Qwest's provision of front-end data processing applications to its users in *Centillion*. And just as in *Centillion*, where that provision did not constitute "use" because merely supplying the applications was not "using the system," 631 F.3d at 1286, Google's provision of downloadable applications to its users cannot, as a matter of law, constitute "use" of any alleged infringing system. TLI's claim that Google is liable for others' "use" of the claimed system should therefore be dismissed.

### B. The Court Should Dismiss TLI's Joint Infringement Claim for Others' "Use" of the Claimed Methods and Systems.

TLI's Complaint also appears to be premised in part upon a theory of *joint* infringement. *See* Compl. ¶ 19. Under a theory of joint infringement, a defendant may be liable for direct infringement under 35 U.S.C. § 271(a) even if the defendant does not itself perform every claim limitation. A defendant may only be liable for joint infringement of a method or system claim, however, if the defendant performs some limitations of the asserted claim *and* is vicariously liable for the performance of the remaining limitations by others.[6] *See Centillion*, 631 F.3d at

---

[6] The allegations in paragraph 19 of TLI's Complaint are directed to joint *direct* infringement. *See* Complaint ¶ 19 ("Google's *direct* infringement includes . . . .") (emphasis added). To the extent TLI intended these allegations to cover a claim of partial *induced* infringement under *Akamai*, that claim would nevertheless fail under Rule 12(b)(6) because the

1286–87; *see also Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1330 (Fed. Cir. 2008); *Bonutti*, 2013 WL 6058472, at *1 n.5. To satisfy that legal test, the defendant must exercise "control or direction" over the performance of each limitation of the claim, including those that the defendant does not itself perform. *Muniauction*, 532 F.3d at 1329–30; *see also Move, Inc. v. Real Estate Alliance Ltd.*, 709 F.3d 1117, 1122 (Fed. Cir. 2013). Accordingly, to plead joint infringement adequately, a complaint must set forth facts from which the Court may infer that a defendant so thoroughly controls the performance of each step of the claimed invention that the steps that the defendant does not complete are nevertheless attributable to it. *See Bonutti*, 2013 WL 6058472, at *1 n.5; *see also Muniauction*, 532 F.3d at 1329.

TLI's sole allegation in support of its joint infringement claim is that Google "directs and/or controls" others to use the accused products to upload images from mobile phones onto servers. Compl. ¶ 19. That assertion falls far short of alleging facts from which the Court may infer that an individual user's decision to take pictures, store them, and upload them from his or her camera phone to a server is directed or controlled by—and thus attributable to—Google. *See Gevo*, 2013 WL 3381258, at *4 (dismissing joint infringement allegation where complaint alleged no underlying facts supporting conclusory allegation of direction or control); *see also Bonutti*, 2013 WL 6058472, at *1 n.5. Indeed, TLI's assertion makes no sense. Mobile phone users direct and control their own actions on their phones, deciding which applications to use, which images to capture, and whether to store such images locally or remotely. The Federal Circuit has held "as a matter of law" that a defendant who provides software and technical assistance to a customer is not vicariously liable for the actions of its customers, because "it is entirely the decision of the customer whether to install and operate th[e] software." *Centillion*,

---

Complaint lacks any plausible factual allegations regarding Google's knowledge and intent, as explained in Part I.A, *supra*.

631 F.3d at 1287. TLI's Complaint thus fails to state a claim for joint infringement through the actions of users of Google's accused products.

### III. TLI's Claim of Willful Infringement Should Be Dismissed.

TLI alleges that Google's infringement of the '295 patent "will be willful." Compl. ¶ 24. For a claim of willful infringement to survive a motion to dismiss, a complaint must plead two elements. *Gevo*, 2013 WL 3381258, at *5; *see also Bonutti*, 2013 WL 6058472, at *1 n.6. First, the complaint must plead that the defendant had "pre-suit knowledge of the patent and of the risk of infringement." *Bonutti*, 2013 WL 6058472, at *1 n.6; *see also Gevo*, 2013 WL 3381258, at *5; *Netgear Inc. v. Ruckus Wireless Inc.*, No. 10-999-SLR, 2013 WL 1124036, at *1 (D. Del. Mar. 14, 2013). As the Federal Circuit has explained, "a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (en banc). Second, the complaint must plead "facts that give rise to 'at least a showing of objective recklessness' on the part of the alleged infringer to the risk of infringement." *Bonutti*, 2013 WL 6058472, at *1 n.6 (quoting *Seagate*, 497 F.3d at 1371).

TLI's Complaint pleads neither. First, regarding the requirement of pleading pre-suit conduct, TLI pleads only that Google's *future* conduct "will be willful." Compl. ¶ 24. Allegations of post-filing knowledge, however, are generally insufficient to make out a case for willful infringement. For example, in *Netgear*, 2013 WL 1124036, the plaintiff alleged only that Ruckus's infringement "has been and continues to be willful," without any factual support. Explaining that allegations of willful infringement require pre-suit knowledge of the patent-in-suit, the Court dismissed Netgear's claims "because the only circumstance identified by plaintiff to substantiate its willfulness claims with respect to the [patents-in-suit] [wa]s the litigation itself." *Id.* at *1; s*ee also Execware, LLC v. Staples, Inc.*, No. 11-836-LPS-SRF, 2012 WL

11

6138340, at *7 (D. Del. Dec. 10, 2012) ("Execware's amended complaint relies solely on allegations that Staples was made aware of the '139 patent by the filing of the original complaint in the present action. As a result, its claim for willful infringement must fail."), *report and recommendation adopted*, No. 11-836-LPS, 2013 WL 171906 (D. Del. Jan. 16, 2013); *Aeritas, LLC v. Alaska Air Grp., Inc.*, 893 F. Supp. 2d 680, 685 (D. Del. 2012) ("Although the court in the past has allowed general allegations of willful infringement to withstand motions to dismiss and the court reads *Seagate* as not foreclosing the consideration of conduct after the complaint is filed, the court is not inclined to allow the mere notice of the charge of infringement gleaned from service of the complaint to pass muster for a willfulness claim under Rule 8." (footnotes omitted)). That deficiency alone compels the dismissal of TLI's willfulness claim.

As for the second element of pleading willful infringement, TLI's boilerplate recitation of the legal element of objective recklessness is precisely the type of "legal conclusion couched as a factual allegation" that is insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. The Complaint does not identify a single fact regarding Google's conduct that could arguably constitute objective recklessness. This too warrants dismissal of TLI's willfulness claim.

## CONCLUSION

For the foregoing reasons, Google respectfully submits that TLI's claims of indirect infringement, direct infringement relating to Google's users, and willful infringement are deficient, and requests that Google's Motion to Dismiss be granted.

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
|  | */s/ Jack B. Blumenfeld* |
|  | _____ |
|  | Jack B. Blumenfeld (#1014) |
|  | Regina Murphy (#5648) |
|  | 1201 North Market Street |
|  | P.O. Box 1347 |
|  | Wilmington, DE  19899 |
| OF COUNSEL: | (302) 658-9200 |
| Kevin Hardy | jblumenfeld@mnat.com |
| Samuel Bryant Davidoff | rmurphy@mnat.com |
| Andrew V. Trask |  |
| Bryant Hall | *Attorneys for Defendant* |
| WILLIAMS & CONNOLLY LLP |  |
| 725 Twelfth Street, N.W. |  |
| Washington, DC  20005 |  |
| (202) 434-5000 |  |
|  |  |
| January 17, 2014 |  |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 17, 2014, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Robert A. Whitman, Esquire<br>Mark S. Raskin, Esquire<br>MISHCON DE REYA NEW YORK LLP<br>750 Seventh Avenue, 26th Floor<br>New York, NY 10019<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

1